David HOLLAND, Plaintiff–Appellant,

v.

the State of NEW YORK,
Defendant–Appellee.

Docket No. 02–7982.

United States Court of Appeals,
Second Circuit.

April 11, 2003.

David Holland, Brooklyn, NY, for Appellant, pro se.

Allison Penn, Attorney General's Office, New York, NY, for Appellee.

Present: MCLAUGHLIN, B.D. PARKER, Jr., Circuit Judges, and GOLDBERG, Judge.[1]

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff David Holland appeals from a judgment of the United States District Court for the Eastern District of New York (Gershon, *Judge*), dismissing his complaint pursuant to Fed.R.Civ.P. 12(h)(3) for lack of subject matter jurisdiction.

Holland's complaint alleged that, during his contested divorce suit in New York Supreme Court, State "agents, servants and personnel" denied him his civil rights, obstructed justice, and violated his rights to due process, equal protection, and access to the court. In particular, Holland complained that the Supreme Court denied him a preliminary conference, discovery, equitable distribution of property, and his ultimate claims of relief. He also alleged that the court permitted the defendant to file false orders and documents and that the official transcript was missing. The complaint requested monetary damages.

The State moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6), arguing that the Eleventh Amendment and the *Rooker-Feldman*[2] doctrine deprived the court of jurisdiction and that Holland failed to state a claim upon which relief could be granted. Holland moved for a default judgment on the grounds that the State had not timely responded to his complaint. The District Court dismissed the complaint pursuant to Fed.R.Civ.P. 12(h)(3), concluding that it lacked subject matter jurisdiction over Holland's claims because of the *Rooker-Feldman* doctrine. The court also concluded that, even if the *Rooker-Feldman* doctrine were inapplicable, the claims against the State of New York would be barred by the Eleventh Amendment. Holland's motion for a default judgment was denied as moot.

We find no error in the District Court's jurisdictional analysis. Under the *Rooker-Feldman* doctrine, the lower federal courts lack subject matter jurisdiction "over cases that effectively seek review of judgments of state courts." *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir.1996). It is clear that Holland's complaint effectively seeks review of the New York Supreme Court's judgment in his matrimonial action. He takes issue

---

1. The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

2. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

with the state court's procedural rulings (failing to hold a preliminary conference, failing to permit discovery) and with its ultimate decision on the merits. Thus, the District Court was correct in dismissing this action for lack of subject matter jurisdiction.[3]

The judgment of the District Court is hereby affirmed.

---

**3.** Because we affirm the District Court's judgment on jurisdictional grounds, we need not reach the other issues raised in this appeal.