**Henry GOLDMAN and Diane Goldman, Plaintiffs,**

**v.**

**FAIRBANKS CAPITAL CORPORA- TION and Equicredit Corporation of America, Defendants.**

**No. 04 CIV. 4181(CM).**

United States District Court, S.D. New York.

Nov. 22, 2004.

Henry Goldman, Mt. Kisco, NY, pro se.

Diane Goldman, Mt. Kisco, NY, pro se.

Paula J. Warmuth, Stim & Warmuth, P.C., Farmingville, NY, for Defendants.

**DECISION AND ORDER DISMISSING THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING PLAINTIFFS' MOTION FOR ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANT FAIRBANKS**

MCMAHON, District Judge.

Plaintiffs are individuals. They reside in a home at 236 Byram Lake Road, Mount Kisco, New York. They purchased that home with a mortgage that was originally held by defendant Equicredit Corporation of America. They have not paid their mortgage for a very long time.

A judgment in foreclosure was entered against the Goldmans in the New York State Supreme Court on June 14, 2002. As frequently happens, plaintiffs filed a petition in bankruptcy to stave off the inevitable foreclosure. In fact, they filed four petitions in bankruptcy (Nos. 02–23407–ash; 03–20194–ash; 04–22194–ash; 04–20333–ash). On October 6, 2004, Bankruptcy Judge Hardin, acting in the most recent bankruptcy action (04–20333–ash, filed on June 10, 2004), entered an order dismissing the case with prejudice for 180 days, thus lifting the automatic stay of foreclosure. Plaintiffs did not take an appeal from this decision; the reasons why are, frankly, irrelevant.

On the day before the scheduled foreclosure sale, plaintiffs asked this court for a temporary restraining order, alleging that the judgment in foreclosure had been fraudulently obtained. It appears that, at the eleventh hour and fifty-ninth minute, the Goldmans were notified that they were members of a class in an action pending in the United States District Court for the District of Massachusetts against defendant Fairbanks Capital Corporation—which, I have learned by perusing the now-voluminous record in this action, is the servicing agent for Truman Capital Corporation, an enterprise that has, through a series of sales transactions, acquired plaintiffs' mortgage. Plaintiffs—already in default on their mortgage and already defendants in the action in foreclosure—had complained repeatedly about Fairbanks to various authorities ever since Fairbanks notified plaintiffs (several years ago) that they had acquired the servicing rights to plaintiffs' mortgage. It appears that plaintiffs thought that they could capitalize on the transfer of the mortgage to a party with whom they had no contract to avoid the loss of their property.

What plaintiffs learned when they received the class action notice was that Fairbanks had pled guilty, in a civil enforcement action brought by the Government, to a variety of unfair banking practices in connection with numerous mortgages *United States of America v. Fairbanks Capital Corp. et al.,* Civil Action No. 03–10895–DPW (D.Mass). Plaintiffs thought that this fact might entitle them to vacatur of the judgment in foreclosure, because (if I read aright), that judgment was predicated on improper charges to plaintiffs by Fairbanks.

This court declined to sign the order to show cause or to enter a temporary restraining order because, of course, I had no jurisdiction to set aside the state court's judgment under the *Rooker–Feldman* doctrine. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). I carefully explained to the Goldmans, who were present in my courtroom, that they were in the wrong court, and told them that if they wanted to have the state court's judgment set aside they had to go back to state court that issued the judgment. I gather, from

something I see in the papers filed subsequently with this court, that plaintiffs have in fact gone to the State Supreme Court, and that our sister court has signed an Order directing Equicredit (or someone) to Show Cause why the judgment in foreclosure should not be vacated and set aside on the ground that it was procured by fraud and misrepresentation.

Virtually simultaneously, the Goldmans also filed a declaratory judgment action in this court against Fairbanks Capital Corporation and Equicredit Corporation of America. Jurisdiction purports to be predicated on both federal question and diversity of citizenship. However, the complaint seeks the following relief:

1. "Establish" whether or not Equicredit (the original mortgage holder) still exists as an entity, able and entitled to collect under the Mortgage Note.

2. "Find" that Fairbanks (the servicing agent for whoever owned the mortgage at the time the judgment in foreclosure was entered) has attempted to assess and collect false and improper charges, and has deliberately overstated the quantum of the Mortgage Note.

3. Declare Fairbanks to be without standing to sue on the Mortgage Note or to foreclose on the property, an order to prevent any continuation of the illegal and improper practices which they attempt to exert against plaintiffs, despite having been found guilty of these practices and ordered to desist in other venues.

4. "Establish" the true and fair quantum of the Mortgage Note.

5. "Find" whether or not there exists a party with standing to collect on the Mortgage Note, and if so, "identify" that party and "order" that plaintiffs and that party

to embark upon an agreement to resume payments on the Mortgage Note on fair, equitable and practicable terms.

■ All of the factual allegations of the complaint concern the alleged invalidity of the State court judgment, either because it was obtained by a person not entitled to it or because it included amounts that were not properly charged to plaintiffs. None of the relief sought is available to plaintiffs under the various federal statutes they mention in their prolix pleading.

Simply perusing this list of prayers for relief reveals that this court lacks the power to grant any of plaintiffs' requests. Cutting to the chase: Plaintiffs are still trying to get this court to overturn or undermine the judgment in foreclosure that was entered in the Westchester County Supreme Court and that, at the time of this writing, has not been overturned or vacated. They want me to ascertain the validity (or invalidity) of their mortgage charges, declare that the party who obtained the judgment in foreclosure lacked standing to sue on the Mortgage Note or to foreclose on the property; establish the "true and fair quantum" of the Mortgage Note that underlies the judgment in foreclosure (which plaintiffs believe is less than the amount of the money judgment entered in the action in foreclosure); and direct that whoever ought to stand in the shoes of the mortgagor as to plaintiffs' house negotiate a "fair, equitable and practicable" payment schedule (revive the mortgage). All of those things would have the undeniable effect of undermining the judgment in foreclosure.[1]

If there were any doubt that plaintiffs want this Court to exercise jurisdiction in violation of the *Rooker–Feldman* doctrine,

---

1. I am also asked to do other things that United States judges do not do, such as "find out whether or not there exists a party with standing to collect on the Mortgage Note and, if so, identify that party."

it is dispelled by the Affirmation that plaintiffs filed in opposition to defendant Equicredit's Motion for Summary Judgment on November 5, 2004, just two weeks ago. In that affirmation, plaintiffs "...ask the Court to bear in mind that the gravamen of this action is to clear the title to the subject property, so that plaintiffs are able to pay any quantum due on any valid mortgage to the valid holder of the mortgage loan, and to obtain a satisfaction of that mortgage and so to relieve any encumbrance on the property." But Plaintiffs cannot obtain the relief they seek from this court.

The judgment in foreclosure, and its attendant money judgment, necessarily encompasses the following factual findings:

1. Plaintiff in that action (defendant Equicredit) holds a valid and enforceable mortgage on plaintiffs' house;

2. Plaintiffs lawfully owed principal and interest on that mortgage in the amount of $410, 389.53;

3. Plaintiffs failed to pay those amounts; and

4. Plaintiffs' failure to pay entitled Equicredit to foreclose on the property, sell it at auction, and apply to proceeds from the auction to the outstanding money judgment entered by the New York State Supreme Court.

I am in no position to undermine any of those findings, no matter how much evidence plaintiffs (or, for that matter, Equicredit) put before me—even if that evidence tends to show that Equicredit did not in fact own the mortgage when the judgment in foreclosure was entered, or that Fairbanks may have misrepresented its authority to prosecute the action, or

that Fairbanks may have charged plaintiffs money they did not really owe (thus casting doubt on the validity of the money judgment). If plaintiffs are to have any relief from the judgment in foreclosure, on whatever ground, then it must obtain that relief from the court in which the judgment was entered. It cannot come to this court for such relief. A federal district court simply does not sit as a court of appeals over the courts of the several states.

Plaintiffs cannot seek such relief in this court even if their assertion is that Fairbanks (the defaulting defendant herein), in servicing the mortgage (on behalf of whoever actually owned it), engaged in false and fraudulent practices that violate, *inter alia,* the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.;* and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* In any event, the relief plaintiffs seek does not lie for violations of those statutes, and other than to mention those law, the complaint does not purport to state any claim thereunder.[2]

■ Before it was even served with process, Equicredit made a motion to dismiss this case for failure to state a claim on which relief could be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The gravamen of its motion was that Equicredit sold plaintiffs' mortgage in 2002, and that the contract of sale stipulated that the purchaser (Credit Suisse–First Boston) was to substitute itself in place of Equicredit as plaintiff in the action in foreclosure. After reading those motion papers, I converted the motion to one for summary judgment, be-

2. Whether plaintiffs—who have opted out of the class in the Massachusetts action—could obtain the sort of relief to which they would have been entitled in that action from this or some other court is an issue not presently before me. I am constrained by plaintiffs' complaint and the relief they do seek.

cause Equicredit placed considerable evidence before me in support of the motion, in order to establish that it had sold plaintiffs' mortgage long ago (albeit after it commenced the action in foreclosure) and that it was, therefore, not a proper party to this action.[3]

I sympathize with Equicredit's predicament. There is absolutely nothing nefarious about selling mortgages—it happens all the time—and if plaintiffs are like most other mortgagees, they had no contractual right either to stop such a sale or to use the sale to excuse non-payment of their mortgage. It appears that Equicredit did indeed sell plaintiffs' mortgage (as part of a portfolio of mortgages) to Credit Suisse First Boston, which in turn flipped plaintiffs' mortgage (as part of a portfolio) to an enterprise called Truman Capital. It further appears that CS–FB failed to live up to its undoubted contractual obligation to make sure Equicredit was substituted out as the party plaintiff in any pending foreclosure action relating to the mortgages in its portfolio. And it seems that Truman's agent for servicing the mortgages it purchased from CS–FB—the aforementioned Fairbanks—may have represented to various courts (including perhaps the Westchester County Supreme Court in plaintiffs' case) that *Equicredit* had authorized it to prosecute the action in foreclosure on Equicredit's behalf. It is left to Equicredit to try to clean up the administrative mess that has resulted from CS–FB's and Truman's handling—or mishandling—of what should have been the ordinary collateral consequences of a very straightforward commercial transaction.

However, Equicredit could have saved itself all the trouble it took to assemble its voluminous motion papers demonstrating all of the above. It should simply have moved to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The claims asserted by plaintiffs here can *only* be adjudicated in the Westchester County Supreme Court. Therefore, Equicredit's defense that it is simply a victim of corporate carelessness, and that it should not have been invited to this party, can *only* be adjudicated in the Westchester County Supreme Court.

Therefore, Equicredit's motion to dismiss must be denied—without prejudice—because I have no authority to rule on it. The complaint is, however, dismissed as to Equicredit, on the ground that this Court lacks jurisdiction, under *Rooker–Feldman*, to grant the relief sought by plaintiffs.

■ Because I lack jurisdiction to enter the "declaratory judgment" that plaintiffs seek, I also lack jurisdiction to enter a default judgment against Fairbanks in this action. Fairbanks' failure to appear does not confer on this court jurisdiction that it does not otherwise have. *See, e.g., Holland v. New York,* 63 Fed.Appx. 532, 533, 2003 WL 1868483 (2d Cir.2003) (affirming district court's application of *Rooker–Feldman* doctrine dismissing plaintiff's claim and motion for default judgment because the court lacked subject matter jurisdiction). Therefore, the Goldmans' motion for a default judgment against Fairbanks is denied and its claims against Fairbanks are also dismissed without prejudice.

It should go without saying—but I will say it anyway—that nothing in this opinion can or should be read as expressing any view whatever on the merit of plaintiffs' challenge to the judgment in foreclosure presently pending in the Westchester County Supreme Court, and that all ruling

---

**3.** I do wish I had read the complaint more closely at that time, because if I had, I would have done then what I am doing now.

are without prejudice to the rights of the Goldmans, Equicredit and Fairbanks to pursue any and all claims, defenses and remedies in whatever court is appropriate. This dismissal is grounded solely in the Court's lack of jurisdiction over the cause in suit, however the Goldmans may denominate it.

This constitutes the decision and order of the Court. The Clerk is directed to close the file.